## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

THADDEUS L. ANDERSON, JR.,

     Plaintiff,

v.                                   Case No.  5:21-cv-91-RV/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed an amended civil-rights complaint pursuant to 42 U.S.C. § 1983, in which he seeks to assert entirely new claims that were not asserted in his initial complaint against entirely new defendants who were never mentioned in his initial complaint. Doc. 35. Plaintiff obviously is attempting to evade the filing-fee requirement enacted by Congress as part of the Prison Litigation Reform Act. Because federal courts cannot permit litigants to evade statutory requirements, the undersigned respectfully recommends that this action be dismissed without prejudice.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background

**A.    <u>Plaintiff's Initial Complaint</u>**

On March 22, 2021, Plaintiff filed his original complaint in which he named as defendants seven employees of the Florida Department of Corrections ("FDC"). Doc. 1 at 1. In this initial complaint, Plaintiff asserted six claims based on events that occurred between March 13, 2017, and April 9, 2019, while Plaintiff was housed at Gulf Correctional Institution ("Gulf C.I."). *Id.* at 8-9. Plaintiff claimed that two correctional officers at Gulf C.I. used excessive force on Plaintiff in violation of the Eighth Amendment. These officers and their supervisor then allegedly violated the Fourteenth Amendment when they issued false disciplinary reports to cover up the unlawful use of force. *Id.* A disciplinary panel found Plaintiff guilty of the conduct alleged in the disciplinary report, and Plaintiff lost good time credit and was placed in administrative confinement for 700 days.

Because Plaintiff's original complaint failed to state a plausible claim for relief, the undersigned provided Plaintiff an "opportunity to clarify or supplement his allegations in an amended complaint." Doc. 17 at 1. Plaintiff's initial deadline to comply with that order was September 30, 2021. After seeking several extensions of time, Plaintiff's final deadline to comply with the order was March 22, 2022. Docs. 21, 26, 28, 31, 32.

**B.**    <u>**Plaintiff's Attempt to Assert Unrelated Claims Against New Defendants**</u>

On March 22, 2022, Plaintiff submitted his "First Amended Complaint."[2] Doc. 35. Rather than amending and perfecting the claims of his original complaint, Plaintiff completely omitted his original claims and the original Defendants. Instead, Plaintiff named five new Defendants, who allegedly were involved in an event at a different FDC facility, in a different year, and who were wholly unrelated to the events alleged in Plaintiff's initial complaint. Specifically, Plaintiff now asserts that on *January 27, 2022—ten months after Plaintiff filed his initial complaint*—while housed at Santa Rosa Correctional Institution Annex, he was admitted to the in-care mental-health unit because he was depressed and attempted to commit suicide. Plaintiff alleges that five Defendants violated the Eighth Amendment insofar as they acted with deliberate indifference to his serious medical needs when they discharged Plaintiff from the mental-health unit on January 30, 2022. *Id.* at 6-7.

---

[2] Although Plaintiff titled this document an "amended complaint," it is not a true amended complaint insofar as it addresses events that occurred *after* Plaintiff filed his original complaint. An amended complaint relates "to matters that occurred *prior* to the filing of the original pleading and entirely replaces such pleading, [but] a supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 401 (E.D. Wis. 2008) (emphasis added) (citing 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1504, at 183-84 (2d ed. 1990)).

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001) (noting that Congress's "intent in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation"). Thus, although the filing fee need not be pre-paid in whole, the PLRA requires "a prisoner to pay the full amount of the filing fee when a prisoner brings a civil suit." *Hubbard*, 262 F.3d at 1196 (citing 28 U.S.C. § 1915(b)). As such, the *in forma pauperis* statute sets forth a payment schedule for prisoner-plaintiffs, which requires prisoners to pay an initial partial filing fee and then monthly payments of 20% of the preceding month's income credited until the filing fees are paid. 28 U.S.C. § 1915(b)(2). In other words, the PLRA requires "prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee upon commencement of lawsuits." *Hubbard*, 262 F.3d at 1198 (citation omitted).

Additionally, the PLRA prohibits prisoners from proceeding *in forma pauperis* when the prisoner has filed three civil actions that were dismissed as frivolous, as malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). In such

cases, the prisoner is required to pay the entire filing fee when he commences his lawsuit. *Id.*

In the undersigned's order directing Plaintiff to file an amended complaint, the undersigned specifically explained that Plaintiff had two options: Plaintiff could (1) "clarify or supplement" the allegations of his original complaint in order to state a claim or (2) file a notice of voluntary dismissal if Plaintiff did not believe he could state a claim. Doc. 17 at 1.

Despite these clear instructions, Plaintiff no longer asserts any claims against the original seven Defendants. Rather, he names five, completely different Defendants, and his factual allegations are based upon completely different factual circumstances that occurred at a difference FDC facility. In other words, the amended complaint is now an entirely new lawsuit, with different defendants, different causes of actions, different relief requested, and different legal theories.[3] Plaintiff, therefore, must file his "amended complaint" as a new complaint in a new civil action accompanied by either the filing fee or a motion for leave to proceed *in*

---

[3] Of course, Rule 15(d) of the Federal Rules of Civil Procedure allows parties to supplement the allegations in their pleadings to include new claims and new parties. *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964). But "there is the obvious and reasonable requirement that the supplementation has 'some relation' to what is sought to be supplemented." *West Ala. Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2015) (quoting *Rowe v. U.S. Fid. & Guar. Co.*, 421 F.2d 937, 943 (4th Cir. 1970)); *Jarvis v. Allizon*, 776 F. App'x 267, 268 (5th Cir. 2019) ("[L]eave to supplement should not be granted where 'the transaction, occurrence, or event' is unrelated to the original cause of action.").

*forma pauperis*. *McCord v. Bertand*, No. 05-C-68-C, 2005 WL 752250, at *1 (W.D. Wis. Mar. 29, 2005) ("If, as petitioner suggests, he missed the target so wide that he would change the defendants he named, the claims he raised and the relief he requested, his modified complaint should be filed in an entirely new lawsuit, not as an amendment to the complaint in this case."); *see George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that 49 unrelated claims, if frivolous, could result in 49 strikes under the PLRA and that they could not be brought in one action).

Indeed, allowing Plaintiff to proceed with the claims he asserts in his "amended complaint" in this action would undermine the purpose of the PLRA. *See George*, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees."). Plaintiff has tacitly conceded that his original complaint failed to state a plausible claim for relief. To avoid payment of the filing fee for commencing a new lawsuit, Plaintiff seeks to proceed with his new claims in this action under the guise of an "amended complaint." Plaintiff should not be permitted to evade the PLRA's requirements. Rather, if he seeks to initiate another civil action, he must pay the filing fee or seek leave to proceed *in forma pauperis* in that action and pay any initial partial filing fee imposed.

Finally, Plaintiff has been afforded six months to submit an amended complaint that cures the deficiencies identified in his original complaint. Plaintiff

was warned that the failure to comply with the undersigned's order likely would result in dismissal of this action for failure to prosecute, failure to comply with court orders, and failure to state a claim upon which relief can be granted. Doc. 17 at 22; Doc. 22 at 1; Doc. 27 at 1; Doc. 32 at 1. As of the date of this report and recommendation, Plaintiff has failed to comply with the undersigned's order and correct the deficiencies identified by the undersigned.

Local Rule 41.1 authorizes the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order." N.D. Fla. Loc. R. 41.1. Local Rule 41.1 is consistent with Federal Rule of Civil Procedure 41(b) and embodies the court's inherent authority to dismiss a case *sua sponte* when the plaintiff fails to comply with a court rule of procedure or a court order. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) ("Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order. . . . A federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b).") (first citing Fed. R. Civ. P. 41(b); then citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)). The federal courts have long recognized this inherent authority:

> Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782, 135 L. Ed. 2d 102 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case."); *Link v. Wabash R.R. Co.*, 370 U.S.

626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

*Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see also Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) ("District courts have the inherent authority to control their dockets and ensure prompt resolution of lawsuits.") (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

The undersigned's instructional order notified Plaintiff of the various deficiencies found in his complaint. The undersigned also explicitly warned Plaintiff that this civil action would be dismissed if he did not file an amended complaint that corrected the noted deficiencies. Doc. 17 at 1, 22; Doc. 22 at 1; Doc. 27 at 1; Doc. 29 at 1; Doc. 32 at 1. Accordingly, this case should be dismissed without prejudice.

## III. CONCLUSION

For the reason set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice this action for failure to prosecute and failure to comply with a court order.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 6th day of April, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**